J. S62032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
RUSSELL A. TINSLEY,   :   No. 1882 EDA 2017
  :
Appellant   :

Appeal from the PCRA Order, May 26, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0501081-2005

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 02, 2018**

Russell A. Tinsley appeals **pro se** from the May 26, 2017 order entered

in the Court of Common Pleas of Philadelphia County that dismissed, without

a hearing, his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the following:

> On September 25, 2007, [appellant] appeared before
> the Honorable Gregory E. Smith Judge of the Court
> of Common Pleas for the First Judicial District
> Criminal Division and entered a negotiated plea of
> **Nolo Contendere** to the charges of Involuntary
> Deviate Sexual Intercourse and Simple Assault.[1]
>
> At the time the plea was proffered, the evidence
> adduced at the recorded hearing established that on
> September 4, 2004, the complainant, [L.A.], had
> met [appellant] on the 4200 block of Roosevelt

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1) and 2701(a), respectively.

Boulevard in Philadelphia, PA. After spending the day together shopping and "hanging out," they obtained a room at the Days Inn on Roosevelt Boulevard. While in the room, [appellant] struck [L.A.] in the face. [L.A.] fell on the bed and [appellant] jumped on her, pushed her head into the area of his penis, and forced her to perform oral sex on him.

Immediately after the Honorable Gregory Smith accepted the plea, he ordered that a Megan's Law assessment be conducted pursuant to 42 Pa.C.S.[A.] § 9795.4. Following the assessment, it was determined that [appellant] met the definition of a Sexually Violent Predator, as defined in 42 Pa.C.S.[A.] § 9792 and [appellant] had been provided due Notice of his reporting requirements. Consequently, on January 4, 2008 pursuant to the negotiations, the Honorable Gregory Smith sentenced [appellant] to a minimum county supervised period of confinement of eleven and one-half (11½) to a maximum period of twenty-three (23) months followed by eight (8) years of reporting probation. [Appellant] filed a *pro se* Notice of Appeal to the Pennsylvania Superior Court that same day. On April 29, 2008, that Appeal was denied for failure to file a docketing statement.

On October 11, 2008, [appellant] filed a *pro se* Petitioner [sic] seeking post-conviction collateral relief. Sondra R. Rodrigues, Esquire, was appointed counsel on behalf of [appellant]. On October 26, 2009, Ms. Rodrigues filed an Amended Petition requesting [appellant's] post-sentence and appellate rights be reinstated. On January 11, 2010, Judge Smith reinstated only [appellant's] direct appellate rights *nunc pro tunc*. Notice of Appeal to the Superior Court was filed on February 9, 2010. On July 25, 2011, following a *Grazier*[2] hearing, [appellant] was permitted to represent himself. On May 10, 2013, the Pennsylvania Superior Court affirmed the judgment and Order of Sentence. On

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

December 4, 2013, the Pennsylvania Supreme Court denied **Allocatur**.

On October 8, 2014, [appellant] filed his first substantive **pro se** Petition seeking relief pursuant to the [PCRA] and claimed ineffective assistance of his trial counsel. At the time of filing, [appellant] had no longer been serving any sentence of imprisonment, probation, or parole as a result of a conviction under the laws of this Commonwealth. Peter A. Levin, Esquire was appointed to represent [appellant]. On July 8, 2016, Mr. Levin filed an Amended PCRA Petition claiming counsel was ineffective for failing to fully explain the consequences of his **nolo contendere** plea. The instant matter was transferred to the Honorable Anne Marie Coyle Judge of the Court of Common Pleas First Judicial District Criminal Division, hereinafter referred to as [PCRA court]. After conducting a review of the record, this Court dismissed the petitions on May 26, 2017.[Footnote 1] A timely Notice of Appeal was filed.

[Footnote 1] The dismissal occurred more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa.R.Crim.P. 907.

PCRA court opinion, 3/13/18 at 1-3 (record citation omitted).

The record reflects that by correspondence to this court dated February 22, 2018, appellant requested that his court-appointed counsel, Attorney Peter Levin, file a motion to withdraw and that the case be remanded to the PCRA court for a **Grazier** hearing because appellant wished to proceed **pro se**. On February 28, 2018, appellant then filed with this court a petition for counsel withdrawal and for a remand to the PCRA court for a **Grazier** hearing. On March 28, 2018, this court entered an order

directing the PCRA court to conduct a *Grazier* hearing and to provide written notice of its determination to this court within 60 days.

The PCRA court docket reflects that the PCRA court held a motions hearing on May 10, 2018. Although a transcript of that hearing is not contained in the certified record (and it is unclear as to whether the hearing was stenographically recorded), at the conclusion of the hearing, the PCRA court entered an order and memorandum that directed Attorney Levin to remain as appellant's counsel. (PCRA court order and memorandum, 5/10/18 at 1.) With respect to this court's order directing the PCRA court to conduct a *Grazier* hearing, the PCRA court informed this court that it was unable to do so because appellant failed to appear. (*Id.* at 2.) The order and memorandum further stated:

> On May 10, 2018 it was represented to this Court, by and through Peter Levin, Esquire as appearing appointed counsel for [appellant], that his client telephoned his office and claimed that he is in the State of New Jersey pursuant to a civil commitment for a separate matter.
>
> [Appellant] is not serving a sentence within the Commonwealth of Pennsylvania in the case docketed under CP-51-0501081-2005. Thus, this Court as a duly elected Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania has zero authority to direct the State of New Jersey to release [appellant] for any court appearance even if he is committed as claimed.

*Id.*

The record further reflects that on May 11, 2018, the PCRA court entered an order that granted Attorney Levin leave to withdraw after concluding that Attorney Levin provided credible information that appellant threatened and harassed him in a telephone communication. (PCRA court amended order and memorandum, 5/11/18.) The order further provided that, "[a]bsent further direction from the Superior Court of Pennsylvania no further action can or shall be taken." (*Id.*)

In this appeal, appellant requests that we review three ineffective assistance of counsel claims. The PCRA court and the Commonwealth, however, contend that because appellant is no longer serving a sentence of imprisonment, probation, or parole, he is not eligible for PCRA relief. Indeed, the record reflects that appellant is no longer serving a sentence of imprisonment, probation, or parole. Nevertheless, appellant contends that because he has been civilly committed and is currently being involuntarily held in a special treatment unit for sex offenders in New Jersey, he is still serving a sentence. Appellant is mistaken.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the PCRA court's determination and whether its decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa.Super. 2008), *appeal denied*, 959 A.2d 319 (Pa. 2008). The PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a

sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Id.* at 1176, quoting *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006). "To grant relief at a time when [the petitioner] **is not currently serving . . . a sentence** would be to ignore the language of the statute. " *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

Here, the record reflects that appellant filed his PCRA petition on October 8, 2014, but that his sentence of imprisonment, probation, or parole expired on February 9, 2015.[3] Therefore, appellant became ineligible for PCRA relief on February 9, 2015. Accordingly, the PCRA court properly dismissed appellant's PCRA petition.

Order affirmed.

---

[3] The Commonwealth contends that appellant's sentence expired on February 9, 2015. (Commonwealth's letter brief, 4/19/17 at 2.) We do, however, note that the record contains a letter from appellant to the PCRA court dated April 28, 2017, that enclosed an undated letter from Christopher McFillin, supervisor of the sex offender unit of the Philadelphia Adult Probation Department, stating that appellant's supervised probation in Philadelphia County is "due to expire February 8, 2015." (Appellant's correspondence to PCRA court, 4/28/17 at enclosure.) We will give appellant the benefit of the doubt and use the latter date.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/2/18</u>