J-S13019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHAN A. ORTIZ GONZALEZ | : | |
| | : | |
| Appellant | : | No. 1075 MDA 2018 |

Appeal from the PCRA Order Entered June 1, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007645-2014

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MARCH 31, 2020**

Appellant, Johan A. Ortiz Gonzalez, appeals from the Order entered June 1, 2018, which dismissed his Amended Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Because Appellant is no longer serving a sentence of incarceration, probation, or parole, he is not eligible for relief under the PCRA.  Therefore, we affirm.

In June 2016, Appellant pleaded guilty to one count of Retail Theft.[1]  The plea court sentenced Appellant to one year of probation plus restitution.  ***See*** Order, 6/21/16, at 1-4.

In January 2017, the York County Probation and Parole Department alleged that Appellant had violated the terms of his probation, including that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a).

Appellant had received new charges. ***See*** Petition for Probation Violation, 1/26/17. Following a hearing, the lower court revoked Appellant's probation and resentenced Appellant to six to twenty-three months of incarceration. ***See*** Order, 3/20/17, at 1-2.

On March 15, 2018, immigration officials detained Appellant. ***See*** PCRA Ct. Order and Supporting Mem., 6/1/18, at 3. Following his detention, Appellant filed a Petition for collateral relief and an Amended Petition, asserting ineffective assistance of both plea and revocation counsel. ***See*** Amended Petition, 4/26/18.[2]

In April 2018, the PCRA court granted Appellant partial relief, concluding that revocation counsel was ineffective, vacating Appellant's revocation sentence, and scheduling a new probation violation hearing. ***See*** PCRA Ct. Order, 4/26/18, at 1-4. Thereafter, the court dismissed Appellant's claim against plea counsel as untimely. ***See*** PCRA Ct. Order and Supporting Mem., 6/1/18, at 6. The court also imposed a new Judgment of Sentence for Appellant's probation violations, sentencing Appellant to time served to eleven and one-half months of incarceration. Resentence Order, 6/1/18.[3]

_____

[2] Essentially, Appellant claimed that prior counsel was ineffective for failing to advise him that a conviction for Retail Theft carried immigration consequences for him. Appellant also claimed that he did not learn of these consequences until immigration officials detained him. ***See generally*** Appellant's Amended Petition.

[3] The court gave Appellant credit for the time he served when he received new charges, from November 28, 2016 to April 22, 2017, a credit of 146 days. ***See*** Resentence Order.

In this timely appeal, Appellant asserts the PCRA court erred in dismissing his ineffectiveness claim against plea counsel as untimely. ***See*** Appellant's Br. at 4.

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i); ***Commonwealth v. Tinsley***, 200 A.3d 104, 107 (Pa. Super. 2018), *appeal denied*, 208 A.3d 461 (Pa. 2019); ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." ***Williams***, 977 A.2d at 1176 (citation omitted).

On June 1, 2018, the court imposed a maximum sentence of 350 days and awarded Appellant 146 days of credit for time served. Therefore, the maximum date of supervision imposed by the lower court was 204 days later, December 22, 2018. Appellant became ineligible for PCRA relief on that date.

42 Pa.C.S. § 9543(a)(1)(i); **Tinsley**, **supra**; **Williams**, **supra**. Thus, we affirm the Order of the PCRA court.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2020

---

[4] In October 2019, Appellant's PCRA counsel informed the PCRA court that Appellant has been deported to the Dominican Republic. N.T. Hearing, 10/9/19, at 1.