**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARL SANDERS | : | |
| | : | |
| Appellant | : | No. 2780 EDA 2019 |

Appeal from the PCRA Order Entered August 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0410581-1983

BEFORE: LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 8, 2020**

Appellant, Karl Sanders, appeals *pro se* from the order entered on August 20, 2019, dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). We affirm.

We briefly summarize the facts and procedural history of this case as follows. Following a bench trial on September 26, 1983, the trial court convicted Appellant of third-degree murder and possessing an instrument of crime (PIC). The trial court initially sentenced Appellant to three to 10 years of imprisonment. On March 1, 1984, the trial court resentenced Appellant to a mandatory sentence of five to 20 years of incarceration pursuant to 42 Pa.C.S.A. § 9712. Appellant did not appeal his judgment of sentence. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

August 14, 1984, Appellant filed his first petition for collateral relief under the predecessor to the PCRA and was granted leave to file a direct appeal *nunc pro tunc*. This Court affirmed Appellant's judgment of sentence on January 21, 1987. *See Commonwealth v. Sanders*, 522 A.2d 663 (Pa. Super. 1987) (unpublished memorandum). The Pennsylvania Supreme Court initially granted Appellant's subsequent appeal, but dismissed it as improvidently granted on February 3, 1989. Appellant filed a second PCRA petition, which the PCRA court dismissed as untimely on October 14, 2011. We affirmed that decision on August 10, 2012. *See Commonwealth v. Sanders*, 60 A.3d 565 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Sanders*, 64 A.3d 631 (Pa. 2013).

On July 25, 2013, Appellant filed a *pro se* PCRA petition. Appellant filed a *pro se* amended PCRA petition on June 12, 2014. On April 11, 2019, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In the Rule 907 notice, citing 42 Pa.C.S.A. § 9543(a),[2] the PCRA court opined that Appellant was not eligible for relief under the PCRA because he already completed his sentence in this

---

[2] "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence […]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is **at the time** relief is granted […] **currently serving a sentence of imprisonment**, probation or parole **for the crime**[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added).

matter and was serving another sentence in a separate criminal case at docket number CP-51-CR-1201151-1997.[3]  The PCRA court also specified in the Rule 907 notice that Appellant failed to plead and prove an exception to the PCRA's one-year jurisdictional time bar pursuant to 42 Pa.C.S.A. § 9545(b).  Appellant responded *pro se* on May 2, 2019.   The PCRA court dismissed Appellant's PCRA petition by order entered on August 20, 2019.  This timely notice of appeal resulted.[4]

On appeal *pro se*, Appellant generally argues[5] that he received an illegal mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.[6]  Appellant's Brief at 8-15.

---

[3] More specifically, the PCRA court determined that, since Appellant was no longer serving a sentence, his petition was subject to dismissal for lack of standing.  While the PCRA court employed the term "standing," the plain language of Section 9543 of the PCRA specifically addresses "eligibility" for relief under the PCRA.  We will use that term as set forth by the statute.

[4]  Appellant filed a *pro se* notice of appeal on September 18, 2019.   On December 18, 2019, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[5] Appellant's appellate brief fails to set forth a concise statement of the question of review and, instead, Appellant offers a stream of conscience presentation of the issue he submits on appeal.  *See* Appellant's Brief at 5. For clarity and ease of discussion, we have summarized Appellant's argument.

[6] Section 9712(a) provides:

> (a) **Mandatory sentence**.—[…] any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or

This Court has stated:

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the PCRA court's determination and whether its decision is free of legal error. The PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i)[.]

As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. To grant relief at a time when the petitioner **is not currently serving** ... [the] sentence would be to ignore the language of the statute.

**Commonwealth v. Tinsley**, 200 A.3d 104, 107 (Pa. Super. 2018), *appeal denied*, 208 A.3d 461 (Pa. 2019) (case citations, some quotations, and original brackets omitted) (emphasis in original).

Here, upon review of the record, the trial court sentenced Appellant to an aggregate term of five to 20 years of imprisonment on March 1, 1984 for third-degree murder and PIC. Appellant filed the instant PCRA petition on July 25, 2013, almost 29 years later. Thus, it facially appears that Appellant completed his term of imprisonment almost nine years before filing the PCRA

---

replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

42 Pa.C.S.A. § 9712(a).

petition at issue.[7]  Moreover, the PCRA court, in its Rule 907 notice, advised

Appellant that he was ineligible to challenge his sentence because he was no

longer serving his sentence in this matter.  More specifically, the Rule 907

notice stated:

> [The PCRA] court has reviewed your PCRA petition challenging the legality of your sentence.  Preliminarily, you are ineligible for relief under 42 Pa.C.S.A. §9543(a)(1)(i)-(iii).  Specifically, you have completed your sentence with respect to [this] case.  You are currently serving another sentence on a separate case – CP-51-CR-1201151-1997.

Rule 907 Notice, 4/11/2019, at *1.  Appellant responded to the Rule 907

notice, but did not challenge the PCRA court's determination that he was no

longer serving his sentence in this matter.  Based upon all of the foregoing,

we conclude that Appellant failed to plead and prove by a preponderance of

the evidence that he was serving a sentence of imprisonment, probation or

parole for the crimes of third-degree murder and PIC at docket number

CP-51-CR-0410581-1983, as required under 42 Pa.C.S.A. § 9543(a)(1)(i).  As

such, Appellant was ineligible for PCRA relief in this case and the PCRA court

properly dismissed Appellant's PCRA petition.  No exception to the PCRA's

_____

[7]  There is no record evidence to indicate that Appellant did not complete his sentence for third-degree murder and PIC, either because the sentence was somehow extended or did not commence immediately after Appellant's March 1, 1984 resentencing hearing.  Moreover, as set forth above, the trial court sentenced Appellant pursuant to Section 9712(a), which bars eligibility for "parole, probation, work release or furlough."  42 Pa.C.S.A. § 9712(a). Accordingly, the record supports the PCRA court's finding that Appellant remained incarcerated until he completed his sentence for third-degree murder and PIC sometime around March 2004.  Appellant has never disputed this determination.

one-year jurisdictional time-bar could overcome Appellant's failure to meet the threshold eligibility requirement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020