**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM BUTLER | : | |
| | : | |
| Appellant | : | No. 345 EDA 2020 |

Appeal from the PCRA Order Entered January 16, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001557-2015,
CP-51-CR-0001558-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM BUTLER | : | |
| | : | |
| Appellant | : | No. 346 EDA 2020 |

Appeal from the PCRA Order Entered January 16, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001557-2015,
CP-51-CR-0001558-2015.

BEFORE:  KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 21, 2020**

In these consolidated appeals, Adam Butler challenges the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the pertinent facts as follows:

Philadelphia Police Officer [Ray] D'Amico testified that he was on duty, in uniform, as the recorder in a police vehicle on April 13, 2013, in the vicinity of 2500 Page Street in Philadelphia. He and his partner . . . stopped a vehicle driving the wrong way down Page, a one way street. The officers signaled the vehicle to pull over at Bainbridge Street. Officer D'Amico approached the passenger side of the stopped vehicle, as his partner approached the driver's side. [Butler], who was in the passenger seat produced his identification when asked to do so. As his partner did a check of the occupants' identification, [Officer] D'Amico remained on the passenger side of [the] vehicle, near [Butler].

At some point, [Butler] became agitated and attempted to open the vehicle door. Officer D'Amico shined his light into the vehicle, at which time [Butler] swung at the officer's flashlight and told him to get the light out of his face. Officer D'Amico called his partner over and they removed [Butler] from the vehicle and attempted to calm him down. The officer placed [Butler] against the wall.

[Butler] proceeded to loudly yell and scream at the officers, and bystanders also began to yell and scream to the officers that [Butler] was deaf. The officers then attempted to place [Butler] under arrest for disorderly conduct, but he refused to give them his hands, causing the officers to have to hold his arms down to handcuff him. The officers called for another vehicle to transport [Butler]. [Butler] continued to yell and scream, refusing to walk straight or bend down so he could be placed in the police car. There were approximately 30 people out on the street.

Officer [Steven] Toner, who arrived on the scene with his partner, in response to a radio call, attempted to control the crowd, as [Officer] D'Amico and [his partner] secured [Butler].

[Officer] Toner and his partner then transported [Butler] in their police vehicle. During this transportation, [Butler] made threats to kill the officer, "fuck you up", and told Officer Toner that he had "a target on [his] back." When the officer's son appeared on his phone screen, [Butler]

said: "Is that your child? . . . I'm going to fuck him up, too." When Officer Toner turned to look at [Butler], [Butler] said "I'm in your head you [faggot] pussy coward."

Trial Court Opinion, 12/16/16, at 1-3 (citation omitted).

On October 19, 2016, following a bench trial, Butler was convicted of disorderly conduct at CP-51-CR-0001557-2015, and terroristic threats at CP-51-CR-0001558-2015. On October 19, 2015, the trial court imposed an aggregate term of 1½ to 3 years of imprisonment, followed by a two-year probationary term. Butler filed a timely appeal to this Court, after his appellate rights were reinstated *nunc pro tunc*. In an unpublished memorandum filed on September 6, 2017, this Court affirmed Butler's judgment of sentence, and on February 6, 2018, our Supreme Court denied Butler's petition for allowance of appeal. ***Commonwealth v. Butler***, 178 A.3d 135 (Pa. Super. 2017), *appeal denied*, 181 A.3d 290 (Pa. 2018).

On February 8, 2019, Butler filed a timely PCRA petition. The PCRA appointed counsel, and PCRA counsel filed an amended petition on April 30, 2019. The Commonwealth filed a motion to dismiss on September 4, 2019, to which Butler filed a response on September 25, 2019. On December 24, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Butler's petition without a hearing. Butler did not file a response. By order entered January 16, 2020, the PCRA court dismissed Butler's amended petition. This timely appeal followed. The PCRA court did not require Rule Pa.R.A.P. 1925 compliance.

Butler raises the following issue on appeal:

1. Did the PCRA court err in dismissing [Butler's] PCRA Petition without a hearing because trial and direct appeal counsel were ineffective for not seeking vacation of judgment of sentence in relation to [Butler's] Terroristic Threats conviction on sufficiency of the evidence and Constitutional grounds?

Butler's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the merits of Butler's issue on appeal, we note that Butler may be ineligible for post-conviction relief because it appears he is no longer serving a sentence of imprisonment, probation or parole for his terroristic threats conviction. *See* 42 Pa.C.S.A. § 9543(a)(1)(i). As noted above, the trial court sentenced Butler on October 19, 2015 to serve 1½ - 3 years of incarceration and a consecutive two-year probationary term. Although the Commonwealth admits that it was "unable to definitively confirm [Butler's] custody status," based upon its belief that Butler was incarcerated since March 2015, he would have completely served his sentence for his terroristic threats conviction by March 2020. Commonwealth's Brief at 7 n.1. Thus, even though Butler was serving his sentence at the time he filed his PCRA petition, because he has since completed serving his sentence, he would

no longer be eligible for post-conviction relief. ***See Commonwealth v. Tinsley***, 200 A.3d 104, 107 (Pa. Super. 2018), *appeal denied*, 208 A.3d 461-62 (Pa. 2019) (explaining, "As soon his sentence is completed, a petitioner becomes ineligible for relief under the [PCRA], regardless of whether he was serving his sentence when he filed his petition"). Thus, we could affirm on this basis alone.[1]

Because we are unable to confirm his current status, however, we will address the merits of his issue. Butler claims the ineffectiveness of prior counsel. When a petitioner alleges counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the

---

[1] We additionally note that in presenting his argument, Butler asserts that "he **served** a state sentence for [a] heat of the moment bluster." Butler's Brief at 12.

- 5 -

outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). *Accord Commonwealth v. Pierce*, 527 A.2d 913 (Pa. 1987). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Additionally, we note that, by challenging both trial and appellate counsel's performance, Butler has raised a layered claim of ineffectiveness. To prevail on a claim of appellate counsel ineffectiveness for failure to raise an allegation of trial counsel ineffectiveness, a PCRA petitioner must present a layered claim, i.e., he or she must present argument as to each of the three prongs of the *Pierce* test, which is for determining whether the petitioner has overcome the presumption that counsel is effective, at each layer of allegedly ineffective representation. *Commonwealth v. Paddy*, 15 A.3d 431 (Pa. 2011).

Butler has failed to properly present a layered ineffectiveness claim. When a PCRA petitioner has failed to properly layer his claim of ineffective assistance of counsel, an appellate court will not remand to the PCRA court so that the petitioner can properly plead the layered claim when the petitioner cannot establish that trial counsel was ineffective. *Commonwealth v. Rios*, 920 A.2d 790 (Pa. 2007). Here, Butler argues that trial counsel was ineffective

for failing to challenge the sufficiency of the evidence supporting his terroristic threats conviction. We cannot agree.

When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." **Commonwealth v. Thomas**, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Brown**, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Vargas**, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id**. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017).

To convict Butler of terroristic threats, the Commonwealth had to establish that he made: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize. 18 Pa.C.S.A. §2706(a)(1); **Commonwealth v. Walls**, 144 A.3d 926, 936 (Pa. Super.

2016). Importantly, we note that "[t]he purpose of [section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience." 18 Pa.C.S.A. § 2706 cmt.; **Walls**, **supra**. As Butler acknowledges: "Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense." Butler's Brief at 9 (quoting **Commonwealth v. Richard**, 150 A.3d 504, 514 (Pa. Super. 2016)).

Case precedent, however, has held the "terroristic threats statute is not meant to penalize mere spur-of the-moment threats which result from anger." **In the Interest of J.H.**, 797 A.2d 260, 262 (Pa. Super. 2002) (citation omitted). **See**, **e.g.**, **Commonwealth v. Anneski**, 525 A.2d 373, 376 (Pa. Super. 1987) (holding evidence insufficient to support terroristic threats conviction when exchange of threats was made during a heated argument between neighbors); **Walls**, 144 A.3d at 938 (holding evidence insufficient to support terroristic threats conviction when the defendant "made a spur-of-the-moment threat as the result of anger during a random confrontation at a local shopping mall" with an assistant district attorney).

Here, although the PCRA court did not require Pa.R.A.P. 1925 compliance, in lieu of a Rule 1925(a) opinion, the PCRA court filed an order in which it referred this Court to the opinion it prepared when Butler litigated his

direct appeal.[2]  **See** Order Sur PCRA Petition, 1/16/20 at 1 n.1.  In that opinion, the court recited the above statements made by Butler to Officer Toner and concluded that they "were clearly specific threats of present and future harm, designed to place the officer in fear."  Trial Court Opinion, 12/16/16, at 9.

Our review of the record and pertinent case law supports this conclusion. Contrary to Butler's self-serving claims, his words to the police officers were not "mere bluster enunciated in a spur of the moment and heated situation because [he] was arrested."  Butler's Brief at 10.  To support this proposition, Butler, without further discussion, cites to **Commonwealth v. Hudgens**, 582 A.2d 1352 (Pa. Super. 1990).  In that case, this Court affirmed Hudgens' terroristic threats conviction after he wielded a samurai sword in close proximity to the victim and said he was "going to get him."  **Hudgens**, 582 A.2d at 1355.  In doing so, we rejected Hudgens' "characterization of the statement as a mere spur-of-the moment type of threat."  **Id.** at 1359. Rather, this Court concluded that "the victim in this case was subjected to precise type of psychological harm and impairment of personal security which the [terroristic threats] statute seeks to prevent."  **Id.**  The same is true in the instant case, as Butler's threats against both Officer Toner and the officer's son.

---

[2] Our review of the record refutes the Commonwealth's claim that Butler litigated a sufficiency challenge to his terroristic threats conviction in his direct appeal.  **See** Commonwealth's Brief at 10.

Moreover, the fact that the victim in the case was a police officer following his Butler's arrest does not alter our conclusion. Here, Officer Toner was not the arresting officer and, while Butler may have been irate, "[b]eing angry does not render a person incapable of forming the intent to terrorize." *J.H.*, 797 A.2d at 263 (citation omitted). *Compare Commonwealth v. Kidd*, 442 A.2d 826, 827 (Pa. Super. 1982) (concluding that threats made by the inebriated defendant toward his arresting officers while being treated at a hospital after he injured himself by falling in the street, was insufficient to establish that defendant, "by his acts intended to place the officers in a state of fear that agitates the body and mind").

In the alternative, Butler argues that, as applied to him, the Pennsylvania terroristic threats statute "is overly broad and violative [of his] free speech rights." *Id.* We find this claim to be undeveloped and therefore waived. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal). Absent waiver, we note that Butler's First Amendment challenge is meritless because the United States Constitution permits states to criminalize threatening speech which is specifically intended to terrorize or intimidate. *See Commonwealth v. Knox*, 190 A.3d 1146, 1153-61 (Pa. 2018) (holding rap lyrics that contained specific threats to police officers fell outside the First Amendment's protective scope because of the need to protect individuals from fear of violence, from the disruption that fear engenders, and from the possibility that the threatened violence will occur).

In sum, because Butler's claim of trial counsel's ineffectiveness lacks arguable merit, his layered claim of ineffectiveness likewise fails. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/20