J-S21027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                 :
:
:
JASON E. LOWERY          :
:
Appellant      :   No. 658 EDA 2023

Appeal from the PCRA Order Entered March 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015192-2008

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:         **FILED SEPTEMBER 24, 2024**

Appellant Jason E. Lowery appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel and appellate counsel were ineffective.  After review, we remand with instructions.

The underlying facts are well known to the parties.  *See* PCRA Ct. Op., 8/18/23, at 1-4.  Briefly, on December 15, 2008, Appellant was charged with multiple offenses based on allegations that he sexually abused C.F., a minor.  *See id.* at 2-3; Criminal Information, 12/15/08.  The PCRA court explained:

> On June 11, 2010, [Appellant] filed a motion to suppress the evidence seized from [his mother's] home on the grounds that the warrant was invalid and not supported by probable cause.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Following a hearing on the motion to suppress on June 22, 2010, the Honorable Peter F. Rogers denied the motion.

On June 28, 2010, a jury before Judge Rogers found [Appellant] guilty of aggravated indecent assault, unlawful contact with a minor, and corruption of a minor,[2] but acquitted him of rape and sexual assault. On November 1, 2010, the [trial c]ourt sentenced [Appellant] to an aggregate term of three to six years of imprisonment followed by five years of probation.

[Appellant filed a direct appeal,] and on December 14, 2012, the Superior Court affirmed his judgment of sentence. [**See Commonwealth v. Lowery**, 3291 EDA 2010 (Pa. Super. filed Dec. 14, 2012) (unpublished mem.)]. On July 26, 2013, the Supreme Court of Pennsylvania denied allocatur. [**See Commonwealth v. Lowery**, 613 EAL 2012 (Pa. filed Jul. 26, 2013)].

On September 9, 2014, [Appellant] filed a [timely[3]] *pro se* PCRA petition, alleging in part that trial counsel was ineffective for failing to call his mother at the motion to suppress and at trial. According to her certification, if called, [Appellant's] mother would testify that he had a reasonable expectation of privacy in her home as he often came and went as he pleased and possibly had sexual encounters with women on the bed where he molested [the victim]. [Appellant] further alleged that copies of the affidavit of probable cause from the suppression hearing and at trial bore different bailiff seals, raising an issue of fraud.

[Appellant] attached the affidavits of probable cause and his mother's witness certification to his *pro se* [PCRA] petition in support of his claims.

Appointed PCRA counsel filed an amended petition on July 13, 2016. In the amended petition, counsel preserved [Appellant's]

_____

[2] 18 Pa.C.S. §§ 3125(a)(8), 6318(a)(1), and 6301(a)(1), respectively.

[3] Under the PCRA, Appellant's judgment of sentence became final on October 24, 2013, ninety days after the Pennsylvania Supreme Court denied allowance of appeal and the time to pursue a writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S. 9545(b)(3); U.S. Sup. Ct. R. 13. Accordingly, Appellant needed to file his PCRA petition within one year, or before October 24, 2014. *See* 42 Pa.C.S. 9545(b)(1). Therefore, Appellant's September 9, 2014 PCRA petition was timely.

suppression and fraud claims but failed to attach the affidavits of probable cause or the witness certification from the *pro se* petition. On November 15, 2018, the Honorable Kenneth J. Powell, serving as PCRA court, dismissed [Appellant's PCRA] petition. The [PCRA c]ourt's dismissal order was not properly entered on the docket, however, so when [Appellant] appealed, the Superior Court quashed the appeal as interlocutory because [Appellant's] "PCRA petition remain[ed] pending in the PCRA Court." ***Commonwealth v. Lowery***, 3363 EDA 2018[, 2020 WL 973347,] at *1 (Pa. Super. [filed] Feb. 27, 2020) [(unpublished mem.)].

On October 26, 2020, Judge Powell entered a properly docketed order formally dismissing [Appellant's first, timely PCRA] petition. [Appellant] appealed, and on November 11, 2021, the Superior Court affirmed the PCRA court's holding in part and remanded for reconsideration of [Appellant's] two previously summarized issues. [***See Commonwealth v. Lowery***, 16 EDA 2021, 2021 WL 5232423 (Pa. Super. filed Nov. 10, 2021)]. In its holding, the Superior Court reasoned that [Appellant] was not given an adequate opportunity to further amend his [PCRA] petition and include the documentation that was previously submitted with his *pro se* [PCRA] petition. On May 4, 2022, PCRA counsel filed a supplemental [PCRA] petition incorporating the necessary documentation to his pleadings. Nevertheless, . . . [Appellant's] claims still fail.

On January 18, 2023, the Honorable Scott DiClaudio, sitting as the PCRA court, filed a [notice of intent to dismiss without a hearing under] Pa.R.Crim.[P.] 907. . . .

PCRA Ct. Op., 8/18/23, at 3-4 (citations omitted and some formatting altered).

On March 10, 2023, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed a timely appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Whether the [PCRA] court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in

- 3 -

the amended PCRA petition regarding trial counsel's ineffectiveness.

2. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8 (some formatting altered).

## PCRA Eligibility

Before addressing the merits of Appellant's claims, we must determine whether Appellant is eligible for relief under the PCRA. As this Court has explained,

> [t]he PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.[] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. "To grant relief at a time when [the petitioner] is **not** currently serving . . . a sentence would be to ignore the language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

***Commonwealth v. Tinsley***, 200 A.3d 104, 107 (Pa. Super. 2018) (some citations omitted and some formatting altered).[4]

In its opinion, the PCRA court addressed Appellant's substantive claims and concluded that he was not entitled to relief. **See** PCRA Ct. Op., 8/18/23, at 9. However, the PCRA court did not address whether Appellant is "currently serving a sentence of imprisonment, probation or parole for" his convictions

---

[4] The Commonwealth contends that it appears that Appellant's sentence in this matter expired, which would make him ineligible for PCRA relief. **See** Commonwealth's Brief at 9, n.1.

- 4 -

at Docket No. 15192-2008, which is a prerequisite for Appellant's eligibility for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i). Further, it is unclear from this record whether Appellant is still serving a sentence in this matter.[5] Therefore, we are constrained to remand this case for further proceedings.

On remand, the PCRA court shall supplement the record with pertinent documentation, and it may conduct further proceedings, if necessary, in order to inform this Court whether Appellant is currently serving a sentence in this matter. **See** 42 Pa.C.S. § 9543(a)(1)(i); **see also Tinsley**, 200 A.3d at 107 (explaining that as soon as a PCRA petitioner's "sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition" (citation omitted)). The PCRA court shall file its supplement to this record within thirty days of this memorandum.

Case remanded with instructions. Panel jurisdiction retained.

_____

[5] It appears that on December 5, 2018, Appellant's probationary sentence for corruption of a minor was revoked, and that he was resentenced to a new sentence of five years of probation on that count. **See** Order-Violation Hearing, 12/5/18. However, it is not clear from the record whether Appellant completed that sentence or whether Appellant is still serving any sentence in this matter.