J-S46012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN ZACHARY VOORHIS | : | |
| | : | |
| Appellant | : | No. 423 WDA 2025 |

Appeal from the PCRA Order Entered April 3, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000529-2022


BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED: JANUARY 8, 2026**

Jonathan Zachary Voorhis appeals *pro se* from the order dismissing as moot his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

As indicated by the caption to this appeal, the underlying petition was filed at CP-25-CR-0000529-2022 ("Docket 529-2022").  This Court previously provided the following background for this matter:

> On November 9, 2021, Detective Ginkel of the Erie City Police Department charged Appellant with one count of terroristic threats, one count of stalking, one count of simple assault, and three counts of disorderly conduct after a road rage incident in which the victim honked at Appellant and Appellant got out of his car[,] threatening the victim.  Appellant was represented by multiple public defenders who were either fired by Appellant or withdrew representation before he filed a Petition to Proceed *Pro-Se* and Waiver of Counsel on October 11, 2022.  The Commonwealth amended the criminal information on November 16, 2022[,] to eliminate the first three charges and to reduce the three disorderly conduct counts from misdemeanors to summary

offenses, believing only a summary trial to be necessary. Following a non-jury trial on February 3, 2023, Appellant was convicted of two counts of disorderly conduct and received a 90–180-day sentence, which Appellant had already served.

*Commonwealth v. Voorhis*, 311 A.3d 612, 2023 WL 8928880, at *1 (Pa.Super. 2023) (non-precedential decision) (citations and footnote omitted).

Appellant *pro se* appealed that judgment of sentence to this Court, raising "twenty-two issues after a non-jury summary offense trial that lasted less than an hour." *Id*. at *2 n.2. We deemed several of those issues waived for lack of development, and found the remainder either waived for other reasons or lacking in merit. Thus, we affirmed his judgment of sentence by memorandum filed on December 27, 2023. Critically, we addressed a claim of ineffective assistance of counsel because we concluded that that Appellant "ha[d] served" his sentence and "will never be eligible for PCRA relief[.]" *Id*. at *9. Our High Court thereafter denied his petition to file a petition for allowance of appeal *nunc pro tunc*.

On September 11, 2024, Appellant timely filed *pro se* the underlying motion for PCRA relief or, in the alternative, a motion for *coram nobis*.[1] Appellant averred therein that he was serving a sentence of probation/parole in another matter docketed at CP-25-CR-0003258-2015. On April 3, 2025, the PCRA court dismissed Appellant's PCRA petition as moot because he was

---

[1] Our Supreme Court has explained that "[a] writ of *coram nobis* is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." *Commonwealth v. Descardes*, 136 A.3d 493, 494 n.1 (Pa. 2016) (cleaned up).

no longer serving a sentence related to the instant matter, i.e., Docket 529-2022.

This timely appeal followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925. In this Court, Appellant presents the following five questions:

1. Did the Honorable Judge John Mean err in denying Appellant's PCRA petition as moot?

2. Did the Honorable Judge John Mead err in denying Appellant's *coram nobis*, in the alternative to granting the PCRA?

3. Is it a violation of Appellant's due process rights to deny a *coram nobis* as moot, if the false conviction from this instant matter is barring Appellant from pursuing his claims of false arrest and false imprisonment on docket no: 1:2023-cv-00090 in the Western District of Pennsylvania of the United States?

4. Did the prosecution withholding the video of the victim's interview from . . . Appellant, and the unavailability of this evidence at trial, so undermine the truth determining process a due process violation occurred?

5. Was the prosecution withholding evidence and deceiving the higher courts into believing the evidence was unobtainable so overreaching it bars re-trial?

Appellant's brief at 4 (some capitalization altered).

We begin with the principles governing our consideration of Appellant's issues on appeal:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the PCRA court's determination and whether its decision is free of legal error. The PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed,

- 3 -

the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.

*Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Ps.Super. 2018) (some citations and quotation marks omitted).

Appellant does not dispute that he is no longer serving a sentence for any of the crimes on the underlying docket. Instead, he argues that he is eligible for PCRA relief because he is serving a sentence on a separate docket. *See* Appellant's brief at 12. Contrary to Appellant's assertion, that is insufficient to confer eligibility. *See Commonwealth v. Smith*, 17 A.3d 873, 904 (Pa. 2011) (interpreting § 9543(a)(1)(i) "to preclude PCRA relief where the petitioner is no longer serving a sentence **for the crime** at the time the PCRA court renders a decision" (emphasis added, citation omitted)); *Commonwealth v. Briggs*, 237 A.3d 1031, 2020 WL 2919335, at *8 (Pa.Super. 2020) (non-precedential decision) (reiterating that "PCRA relief is offense specific" (cleaned up)).

Since Appellant is no longer serving a sentence for any crimes at the challenged Docket 529-2022, he is not eligible for relief for any PCRA claims related to this matter, and the PCRA court did not err in dismissing his petition. We likewise reject Appellant's claim that the court should have alternatively considered his motion as one for *coram nobis* relief because he is precluded from PCRA relief.[2] The underlying PCRA claim concerned the Commonwealth's

_____

[2] In his brief, Appellant also argues that he is entitled to *coram nobis* relief because the convictions at Docket 529-2022 have prevented him "from
*(Footnote Continued Next Page)*

- 4 -

purported withholding of evidence, which is a claim cognizable under the PCRA. *See Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016) ("[A] claim alleging 'the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced' is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vi)." (cleaned up)). We have made clear that when "the underlying claim is encompassed by the PCRA, appellant may **only** obtain relief under the PCRA. In other words, *coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the **claims** a petitioner is raising." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa.Super. 2004) (emphases in original).

As Appellant is entitled to neither PCRA nor *coram nobis* relief, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

---

proceeding with his false arrest and false imprisonment claims" in the federal courts. *See* Appellant's brief at 16-20. Appellant did not reference his federal suit in his petition to the court seeking PCRA and *coram nobis* relief, despite initiating it prior to the PCRA petition. Moreover, after the district court dismissed his federal complaint on September 23, 2024, he did not ask the PCRA court to submit an amended petition alleging that he was entitled to *coram nobis* relief because of an impediment in pursuing the federal suit. Accordingly, any claim premised on this argument is waived. *See Commonwealth v. Mason*, 130 A.3d 601, 639 & n.47 (Pa. 2015) (finding that petitioner failed to preserve issue when he neglected to include it in his PCRA petition or court-approved amendment, and that including it in the Rule 1925(b) statement did not save it from waiver).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/08/2026