J-S43035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN LUGO-ARIAS | : | |
| | : | |
| Appellant | : | No. 2092 EDA 2025 |

Appeal from the PCRA Order Entered March 6, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005445-2022

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED MARCH 19, 2026**

Appellant, Kevin Lugo-Arias, appeals from the order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

A detailed recitation of the facts is not relevant to our disposition. Briefly, Appellant was charged with one count each of possession of a firearm by a person prohibited, possessing an instrument of crime (PIC), and recklessly endangering another person (REAP).  PCRA Court Opinion (PCO), 5/12/25, at 1-6.  On April 12, 2023, Appellant pled guilty to one count of PIC and one count of REAP, and the trial court sentenced Appellant to a term of four years of probation for PIC and a term of two years of probation for REAP, to run concurrently.  *Id.* at 5-6; N.T., Guilty Plea and Sentencing, 4/12/23, at 10.  This resulted in an aggregate sentence of four years of probation.  N.T., Guilty Plea and Sentencing, 4/12/23, at 10.  Additionally, the trial court

ordered that if Appellant did not violate his probation or incur any new criminal charges, Appellant's sentence would terminate after two years. ***Id.*** Appellant did not file post-sentence motions or a direct appeal.

On May 9, 2024, Appellant filed a timely *pro se* PCRA petition. Appellant retained private counsel who filed an amended PCRA petition on June 19, 2024. On October 17, 2024, the PCRA court entered notice of its intent to dismiss Appellant's amended PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. However, the PCRA court provided Appellant twenty days to file a second amended petition. On November 6, 2024, Appellant, through counsel, filed a second amended PCRA petition. After several continuances, the PCRA court held a hearing on Appellant's second amended PCRA petition on March 6, 2025. The PCRA court denied Appellant's second amended PCRA petition concluding that Appellant failed to establish his claims of ineffective assistance of counsel. Order 3/6/25; PCRA Court Opinion (PCO), 5/12/25, at 12-19.

On April 4, 2025, Appellant filed a timely notice of appeal. In a prior memorandum filed on February 5, 2026, we noted that "[t]o be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]" ***Commonwealth v. Lugo-Arias***, 2092 EDA 2025, 2026 WL 312346, *1 (Pa. Super. filed February 5, 2026)(unpublished memorandum)

- 2 -

(quoting 42 Pa.C.S. § 9543(a)(1)(i)). Because we were unable to determine from the record whether Appellant was serving a sentence of imprisonment, probation, or parole in this case, we remanded the matter to the PCRA court to make this determination and supplement the record. *Id.* at *2. The PCRA court complied with this Court's directive, and the record in this matter is now complete. *See* PCRA Court Order, 2/11/26. In its response to this Court's prior memo, the PCRA court confirmed that Appellant is no longer serving a sentence of imprisonment, probation, or parole as required pursuant to 42 Pa.C.S. § 9543(a)(1)(i). *Id.*

Regarding PCRA eligibility, "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. To grant relief at a time when the petitioner is not currently serving ... a sentence would be to ignore the language of the statute." *Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Pa. Super. 2018) (formatting altered and citations omitted); *see also Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding that because the petitioner was no longer serving a sentence, "he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition"). "The burden of proving that a petitioner is currently serving a sentence of imprisonment, probation or parole rests on the petitioner." *Commonwealth v. Soto*, 983 A.2d 212, 213-14 (Pa. Super. 2009).

Because Appellant is no longer serving a sentence in this matter, he is not eligible for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(1)(i); ***see also Tinsley***, 200 A.3d at 107. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition, albeit on different grounds. ***See Tinsley***, 200 A.3d at 107 (affirming order denying the appellant's PCRA petition because the appellant was not eligible for relief due to the expiration of his sentence); ***see also Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa. Super. 2009) (stating that this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm") (citation omitted and formatting altered).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2026