J-S15017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LAMAR HENDERSON | : | |
| | : | |
| Appellant | : | No. 2300 EDA 2023 |

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004591-2004,
CP-46-CR-0004751-2004

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 5, 2024**

Appellant Andre Lamar Henderson appeals *pro se* from the order

dismissing his serial Post-Conviction Relief Act[1] (PCRA) petition as untimely.

Appellant argues that he met the newly discovered fact exception to the PCRA

time bar. After review, we remand with instructions and retain jurisdiction.

The PCRA court summarized the facts and procedural history as follows:

[Appellant] pled guilty to two separate counts of robbery before
the Honorable Bernard A. Moore on February 4, 2005. A plea
agreement was accepted and [Appellant] was sentenced to two
(2) to four (4) years for robbery with a consecutive term of five
(5) years['] probation [for each count] to run concurrently to
[each other], but consecutively to the sentences that [Appellant]
was serving in Dauphin and York Counties.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

\* \* \*

[Appellant] was later paroled . . . . While on parole, he was arrested for robbery in York County [on March 30, 2018]. On March 9, 2019, [the] Montgomery County Probation/Parole Office lodged a detainer against [Appellant] based upon this new arrest. On March 14, 2019, [Appellant] was convicted of the robbery charges in York County.

On July 18, 2019, a probation violation/**Gagnon II**[2] hearing was held before this court at which time [Appellant] stipulated to notice of the violation and the new conviction. Upon determining that [Appellant] violated his probation, this court revoked his probation and sentenced him to [two] term[s] of two (2) to four (4) years of imprisonment . . . with a commitment date of July 18, 2019, to run concurrently with [each other and to] all previously imposed sentences.

\* \* \*

[Appellant's counsel, Wana Saadzoi, Esq.,] filed the instant "motion [to vacate probation revocation and illegal sentence *nunc pro tunc*]" on [Appellant's] behalf on March 20, 2023 [at both trial court docket numbers]. The Commonwealth filed an answer to the "motion" on April 21, 2023, arguing that [Appellant's] "motion" must be treated as a PCRA petition, the petition is untimely[,] and *nunc pro tunc* relief should not be granted . . . .

PCRA Ct. Op., 10/30/23, at 1; Pa.R.Crim.P. 907 Notice, 7/27/23, at 1-2 (footnote omitted).

On July 27, 2023, the PCRA court entered a Pa.R.Crim.P. 907 notice concluding that Appellant's March 20, 2023 motion to vacate sentence must be treated as a PCRA petition and indicating that the PCRA court intended to dismiss that petition as untimely. **See** Pa.R.Crim.P. 907 Notice, 7/27/23, at 3-4. Appellant filed a counseled response to the Rule 907 notice. The PCRA

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

court entered an order, listing both trial court docket numbers, dismissing Appellant's petition on August 16, 2023.

Appellant filed a single *pro se* timely notice of appeal, which listed both trial court docket numbers. The PCRA court subsequently granted Attorney Saadzoi leave to withdraw as Appellant's counsel. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, the PCRA court adopted the reasoning from the July 27, 2023 Rule 907 notice. ***See*** PCRA Ct. Op., 10/30/23, at 1.

### *Walker* Issue

Before addressing the merits of Appellant's claims, we must consider whether this appeal is properly before this Court. In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Walker***, 185 A.3d at 971. "The failure to do so," the Court continued, "will result in quashal of the appeal." ***Id.*** at 977 (footnote omitted); ***see also*** Pa.R.A.P. 341, Note. Subsequently, in ***Commonwealth v. Young***, 265 A.3d 462 (Pa. 2021), our Supreme Court held that appellate courts have discretion to remand an appeal to the trial court for the appellant to file amended notices of appeal to cure a defect under ***Walker***. ***Young***, 265 A.3d at 475-78 (citing, *inter alia*, Pa.R.A.P. 902; ***Commonwealth v. Williams***, 106 A.3d 583, 586-88 (Pa. 2014)).

Additionally, this Court has recognized that an appellant's failure to file separate notices of appeal may be excused where there was a breakdown in

the operations of the court. ***See, e.g.***, ***Commonwealth v. Larkin***, 235 A.3d 350, 353-54 (Pa. Super. 2020) (*en banc*); ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019). In ***Stansbury***, the PCRA court advised the appellant that he had thirty days "'to file **a** written **notice** of appeal to the Superior Court. Said **notice** of appeal must be filed with the Clerk of Courts . . . .'" ***Stansbury***, 219 A.3d at 159 (quoting trial court order, emphases in original). The ***Stansbury*** Court concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any ***Walker*** defect and declined to quash the appeal. ***Id.*** at 160; ***see also Larkin***, 235 A.3d at 353-54 (declining to quash the appeal after concluding that a breakdown in the court system occurred when the PCRA court's order informed the appellant he had thirty days to file "an appeal"); ***Commonwealth v. Pritchett***, 1106 WDA 2021, 2023 WL 1466574, at *3 (Pa. Super. filed Feb. 2, 2023) (unpublished mem.) (concluding that a breakdown in the PCRA court's operations had occurred where "the PCRA court's dismissal order advised [the defendant] that 'he ha[d] the right to appeal from this final Order and that **such appeal** must be taken within thirty (30) days from the date of this Order'" (citation omitted and emphasis in original)).[3]

---

[3] ***See*** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Here, the PCRA court's order dismissing Appellant's PCRA petition states, in relevant part:

> [Appellant] is hereby advised of his right to **appeal from this final order** of dismissal of his PCRA petition, within thirty (30) days of the date of this Order, to the Pennsylvania Superior Court. [Appellant] is further advised that he may proceed with **such appeal** from this Final Order of Dismissal either on his own or with the aid of private counsel engaged by him.

PCRA Ct. Order, 8/17/23 (emphases added).

The PCRA court's order misinformed Appellant about his appellate rights by indicating that Appellant could file a single appeal from the order dismissing his PCRA petition; therefore, we conclude that a breakdown in court operations has occurred. **See Larkin**, 235 A.3d at 353-54; **Stansbury**, 219 A.3d at 160; **see also Pritchett**, 2023 WL 1466574, at *3. Accordingly, we decline to quash Appellant's appeal pursuant to **Walker**. **See Larkin**, 235 A.3d at 353-54; **Stansbury**, 219 A.3d at 160, and we need not remand this appeal to the PCRA court for Appellant to file amended notices of appeal. **Cf. Young**, 265 A.3d at 477-78 (holding that appellate courts have discretion to remand an appeal to the trial court for the appellant to file amended notices of appeal to cure a **Walker** defect).

## PCRA Eligibility

Before addressing the merits of Appellant's arguments, we must consider whether Appellant is still serving any of his sentences for the underlying offenses in these matters for Appellant to be eligible to seek PCRA relief.

This Court has explained:

> The PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.[] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. "To grant relief at a time when [the petitioner] is **not** currently serving . . . a sentence would be to ignore the language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

***Commonwealth v. Tinsley***, 200 A.3d 104, 107 (Pa. Super. 2018) (some citations omitted and some formatting altered).

It is well established that the Parole Board "can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired." ***Adams v. Pennsylvania Bd. of Prob. & Parole***, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005) (citation omitted); ***see also*** 61 Pa.C.S. § 6138(a)(1). Further, when the Board revokes parole because a parole violator is convicted of a new crime and recommits him to a state prison to serve the balance of his original sentence (also known as "backtime"), the parole violator must serve that original sentence before serving any new state prison sentence. ***See*** 61 Pa.C.S. § 6138(a)(5)(i).

In the instant case, the trial court revoked Appellant's probation and resentenced him to concurrent terms of two to four years' incarceration on July 18, 2019. Our review of the record indicates that Appellant was arrested for robbery on March 30, 2018 and convicted on March 14, 2019. ***See*** N.T.

*Gagnon II* Hr'g, 7/18/19, at 7; Exhibit D-2 (notice of violation). Further, Appellant's parole expired on March 9, 2019. *See id.* Additionally, the Commonwealth indicated that both a state parole detainer and a federal detainer had been lodged against Appellant. *See* N.T. *Gagnon II* Hr'g, 7/18/19, at 8.

Appellant's sentence in this matter would have expired on July 18, 2023 if the Parole Board did not revoke Appellant's parole following his new conviction. *See Adams*, 885 A.2d at 1124. If the Parole Board revoked Appellant's parole and recommitted him to serve his backtime, then the instant revocation sentence must run consecutively to Appellant's backtime. *See* 61 Pa.C.S. § 6138(a)(5)(i). On this record,[4] we cannot determine whether Appellant is "currently serving a sentence of imprisonment, probation or parole for" his convictions at trial court dockets 4591-2004 and 4751-2004, which is a prerequisite for Appellant's eligibility for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i). Therefore, we are constrained to remand this case for further proceedings.

On remand, the PCRA court shall supplement this record with pertinent documentation, and may conduct further proceedings if deemed necessary in order to inform this Court whether Appellant is currently serving a sentence for his convictions in these matters. *See* 42 Pa.C.S. § 9543(a)(1)(i); *see*

---

[4] We may not consider the documents attached to Appellant's brief that are not part of the certified record. *See Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*).

*also Tinsley*, 200 A.3d at 107 (explaining that as soon as a PCRA petitioner's "sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition" (citation omitted)).  The trial court shall file its supplement to this record within forty-five days of this memorandum.

 Case remanded with instructions.  Panel jurisdiction retained.