J-S18038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID OSEI-HWEDIEH | : | |
| | : | |
| Appellant | : | No. 1437 WDA 2023 |

Appeal from the PCRA Order Entered November 6, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005829-2022

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: September 19, 2024**

David Osei-Hwedieh ("Osei-Hwedieh") appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act[1] ("PCRA"). Osei-Hwedieh's court-appointed PCRA counsel, Justin D. Okun, Esquire ("Counsel") has filed a petition to withdraw from representation and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm and grant Counsel's petition to withdraw.

On a night in April 2022, Osei-Hwedieh broke the door to the house he periodically shared with his wife and minor children, injuring his wife in the process. **See** N.T. 12/12/22, at 12-26. Osei-Hwedieh recorded their continuing confrontation on his phone, despite the fact his wife was in her underwear and objected. **See id**. at 26-27. After his phone fell from his hand,

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Osei-Hwedieh punched his wife between the ribcage and the sternum, inflicting pain that she continued to feel more than six months later. *See id*. at 27-36, 73, 90-92. Osei-Hwedieh's wife took her children from the house and fled in her underclothes to a friend's house. *See id*. at 37.

At a non-jury trial in December 2022, the court convicted Osei-Hwedieh of simple assault. That day, the court imposed a sentence of twelve months of non-reporting probation. *See* N.T., 12/12/22, at 154.

In February 2023, Osei-Hwedieh filed a *pro se* PCRA petition.[2] The court appointed Counsel, who filed an amended petition in June 2023. The court dismissed the petition in November 2023. Osei-Hwedieh and the PCRA court complied with Pa.R.A.P. 1925. In this Court, Counsel has filed a motion to withdraw from representation and a "no-merit" letter pursuant to *Turner*/*Finley*.

Prior to addressing the merits of Osei-Hwedieh's issue, we must address Counsel's motion to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*, 981 A.2d 875,

---

[2] Appellant apparently filed a PCRA petition rather than a direct appeal because he wanted to assert a claim of ineffective assistance of counsel and such claims will not be entertained on appeal even where an appellant receives a short sentence. *See Commonwealth v. O'Berg*, 880 A.2d 597, 602 (Pa. 2005).

876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes a copy of: (1) the "no-merit" letter; and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **See Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016). When counsel submits an application to withdraw and a "no-merit" letter that satisfy the technical demands of **Turner**/**Finley**, this Court must then conduct its own review of the merits of the case. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). If this Court agrees with counsel that the claims are without merit, the Court will permit counsel to withdraw and deny relief. **Id.**

Here, in his, **Turner**/**Finley** letter, Counsel described the extent of his review, identified the issues Osei-Hwedieh sought to raise, and explained why the issues merited no relief. In addition, Counsel provided Osei-Hwedieh with a letter notifying him of counsel's intention to seek permission to withdraw from representation as well as a copy of the **Turner**/**Finley** "no-merit" letter and advised Osei-Hwedieh of his rights *in lieu* of representation. Thus, we conclude Counsel has substantially complied with the requirements necessary to withdraw as counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). Counsel's compliance permits us to proceed to the next stage of consideration of Osei-Hwedieh's petition.

Our standard of review of an order dismissing a PCRA petition does not permit us to disturb a PCRA court's ruling that is free of legal error. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). The PCRA plainly states that to be eligible for relief a petitioner must be "**currently serving** a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. §9543(a)(1)(i) (emphasis added). **See also Commonwealth v. Tinsley**, 200 A.3d 104, 107 (Pa. Super. 2018) (holding as soon as a petitioner completes his sentence, he is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed the petition).

Counsel states Osei-Hwedieh is no longer serving a sentence and is thus ineligible for PCRA relief. *See* Counsel's *Turner*/*Finley* Letter, 1/19/24, at 5 (unpaginated). The PCRA court found Osei-Hwedieh finished serving his one-year probationary sentence on December 13, 2023, and is not eligible for PCRA relief. *See* Statement in Lieu of Opinion, 1/3/24.

The PCRA court correctly applied the law. Osei-Hwedieh is no longer serving a sentence and therefore is ineligible for PCRA relief. *See* 42 Pa.C.S.A. §9543(a)(1)(i); *Tinsley*, 200 A.3d at 107. On this basis, we affirm the PCRA court's order dismissing Osei-Hwedieh's petition.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/19/2024