J-S15017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
                              :
            v.                :
                              :
                              :
ANDRE LAMAR HENDERSON         :
                              :
            Appellant         :  No. 2300 EDA 2023

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004591-2004,
CP-46-CR-0004751-2004

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 13, 2024**

Appellant Andre Lamar Henderson appeals from the order dismissing his serial Post-Conviction Relief Act[1] (PCRA) petition as untimely. Appellant challenges the legality of the revocation of his probation and the resulting sentences ("revocation sentences"). Additionally, Appellant has filed five *pro se* applications for relief. Because Appellant is no longer serving the revocation sentences in these cases, we affirm the PCRA court's order and deny Appellant's applications for relief.

The PCRA court summarized the facts and procedural history as follows:

[Appellant] pled guilty to two separate counts of robbery[, one at docket number 4751-2004, and the other at docket number 4591-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

2004,] before the Honorable Bernard A. Moore on February 4, 2005. A plea agreement was accepted and [Appellant] was sentenced to two (2) to four (4) years for robbery with a consecutive term of five (5) years['] probation [for each count] to run concurrently to [each other], but consecutively to the sentences that [Appellant] was serving in Dauphin and York Counties.

\* \* \*

[Appellant] was later paroled . . . . While on parole, he was arrested for robbery in York County [on March 30, 2018]. On March 9, 2019, [the] Montgomery County Probation/Parole Office lodged a detainer against [Appellant] based upon this new arrest. On March 14, 2019, [Appellant] was convicted of the robbery charges in York County.

On July 18, 2019, a probation violation/**Gagnon II**[2] hearing was held before this court at which time [Appellant] stipulated to notice of the violation and the new conviction. Upon determining that [Appellant] violated his probation, this court revoked his probation and sentenced him to [two] term[s] of two (2) to four (4) years of imprisonment . . . with a commitment date of July 18, 2019, to run concurrently [to each other and to] all previously imposed sentences.

\* \* \*

[Appellant's counsel, Wana Saadzoi, Esq.,] filed the instant "motion [to vacate probation revocation and illegal sentence *nunc pro tunc*]" on [Appellant's] behalf on March 20, 2023 [at both trial court docket numbers]. The Commonwealth filed an answer to the "motion" on April 21, 2023, arguing that [Appellant's] "motion" must be treated as a PCRA petition, the petition is untimely[,] and *nunc pro tunc* relief should not be granted . . . .

Pa.R.Crim.P. 907 Notice, 7/27/23, at 1-2 (footnote omitted).

On July 27, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice concluding that Appellant's March 20, 2023 motion to vacate sentence must

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

be treated as a PCRA petition and indicating that the PCRA court intended to dismiss that petition as untimely. ***See id.*** at 2-4. Appellant filed a counseled response to the Rule 907 notice. The PCRA court entered an order, listing both trial court docket numbers, dismissing Appellant's petition on August 16, 2023.

Appellant filed a timely *pro se* notice of appeal. The PCRA court subsequently granted Attorney Saadzoi leave to withdraw as Appellant's counsel. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, the PCRA court adopted the reasoning from its July 27, 2023 Rule 907 notice. ***See*** PCRA Ct. Op., 10/30/23, at 1.

On June 5, 2024, this Court remanded this matter to the PCRA court to determine if Appellant was still serving the sentences challenged on appeal, as it is a prerequisite for Appellant's eligibility for PCRA relief. ***See Commonwealth v. Henderson***, 2300 EDA 2023, 2024 WL 2845795, at *3-4 (Pa. Super. filed June 5, 2024) (unpublished mem.). The PCRA court filed two supplemental opinions addressing the status of Appellant's sentences. ***See*** PCRA Ct. Suppl. Op., 8/15/24, at 1-2 (unpaginated); PCRA Ct. Suppl. Op., 9/30/24, at 1-2 (unpaginated). The PCRA court also filed a supplemental certified record, which included documentation from the Pennsylvania Parole Board (Parole Board) and the Department of Corrections (DOC).

On June 24, 2024, Appellant filed a *pro se* application for appointment of counsel. Therefore, on July 8, 2024, this Court remanded this matter to

the PCRA court for a *Grazier*[3] hearing. Following a *Grazier* hearing on October 4, 2024, Appellant agreed to proceed with Joshua M. Rudolph, Esq., as his court-appointed counsel.

Prior to the appointment of counsel, Appellant filed several *pro se* applications for relief seeking leave to amend his *pro se* brief, requesting to submit additional evidence, requesting credit for time served, and for this Court to vacate an allegedly illegal sentence. **See** Appellant's Appls. for Relief, 6/11/24; 7/8/24; 7/11/24; 8/7/24; 8/12/24.

On appeal, Appellant raises the following issues:

1. Whether the [PCRA] court erred in dismissing [Appellant's] petition as untimely[.]

2. Whether the claims [Appellant] raised were of merit[.]

Appellant's *Pro Se* Brief at iii.

Appellant argues that the revocation of his probation and his July 18, 2019 resentencing was illegal because, at the time he committed a new offense, he had not started serving his probationary terms in these matters. **Id.** at 1-5 (citing, *inter alia*, **Commonwealth v. Simmons**, 262 A.3d 512, 528 (Pa. Super. 2021) (*en banc*)). Appellant contends that because his revocation sentences are illegal, his claim is not waivable. **Id.** at 5.

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

Initially, we note that although Appellant refers to his filing as a motion to vacate sentence, the PCRA court correctly treated Appellant's filing as a PCRA petition.

"Pennsylvania courts have consistently held, so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (citations omitted). "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). "This is true regardless of the manner in which the petition is titled." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citation omitted). However, "[t]he content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007).

Our Supreme Court has repeatedly stated that the "legality of the sentence is always subject to review within the PCRA where . . . the petition is timely." *Commonwealth v. DiMatteo,* 177 A.3d 182, 192 (Pa. 2018) (citations omitted). Additionally, this Court has held that a defendant can seek PCRA relief regarding "the validity of the [probation] revocation proceedings and the legality of the new sentence" within one year of the new sentence becoming final. *Commonwealth v. Anderson*, 788 A.2d 1019, 1022 (Pa. Super. 2001) (citation and emphasis omitted).

Following our review of the record, we conclude that the PCRA court correctly treated Appellant's motion to vacate sentence as a PCRA petition. *See DiMatteo,* 177 A.3d at 192; *Torres*, 223 A.3d at 716; *Taylor*, 65 A.3d at 465-66; *Anderson*, 788 A.2d at 1022.

In reviewing an order denying a PCRA petition, our standard of review is "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). Further, this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted and formatting altered).

This Court has explained:

> The PCRA statute plainly states that to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.[] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. "To grant relief at a time when [the petitioner] is **not** currently serving . . . a sentence would be to ignore the language of the statute." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

*Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Pa. Super. 2018) (some citations omitted and some formatting altered); *see also Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding that because the

defendant was no longer serving a sentence, "he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition").

"The burden of proving that a petitioner is currently serving a sentence of imprisonment, probation or parole rests on the petitioner." ***Commonwealth v. Soto***, 983 A.2d 212, 213-14 (Pa. Super. 2009).

It is well established that the Parole Board "can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired." ***Adams v. Pennsylvania Bd. of Prob. & Parole***, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005) (citation omitted); ***see also*** 61 Pa.C.S. § 6138(a)(1). Upon revocation, the Parole Board recommits the parole violator to a state correctional institution to serve the balance of his original sentence (also known as "backtime"). ***See*** 61 Pa.C.S. § 6138(a)(2).

Here, the PCRA court filed its supplemental Rule 1925(a) opinions, in addition to its original opinion, upon this Court's request. In its supplemental 1925(a) opinion, filed on August 15, 2024, the PCRA court concluded that Appellant completed serving his sentence at docket number 4591-2004 on July 18, 2023 and Appellant would finish serving his sentence at docket number 4751-2004 on October 26, 2024. ***See*** PCRA Ct. Suppl. Op., 8/15/24, at 1-2 (unpaginated).

Based on our review of the record, the PCRA court may have misinterpreted the DOC records concerning the term and expiration of

Appellant's sentences. The record establishes that Appellant was arrested for robbery on March 30, 2018 and convicted on March 14, 2019. **See** N.T. **Gagnon II** Hr'g, 7/18/19, at 7; Exhibit D-2 (notice of violation). Thereafter, the trial court revoked Appellant's probation in these matters and resentenced him to concurrent terms of two to four years' incarceration for each count on July 18, 2019. **See** N.T. **Gagnon II** Hr'g, 7/18/19, at 10.

Additionally, the Parole Board revoked Appellant's parole because of his new robbery conviction effective as of July 30, 2019. **See** Parole Bd. Order, 8/7/19, at 1-2 (unpaginated); **see also** Parole Bd. Ltr., 10/14/20, at 2 (unpaginated). The Parole Board then recommitted Appellant to serve five years, two months, and twenty-seven days of backtime. **See** Parole Bd. Order, 8/7/19, at 1 (unpaginated); **see also** Parole Bd. Ltr., 8/14/20, at 1-2 (unpaginated). Because the trial court imposed concurrent sentences in 2005, Appellant completed serving his backtime for his convictions at **both** trial court docket numbers on October 26, 2024. **See** Parole Bd. Ltr., 6/10/22; Parole Bd. Ltr., 8/14/20, at 2 (unpaginated); DOC DC16-E Sentence Status Summary, 8/14/19, at 3.

Based on our review of the record, we conclude that Appellant is no longer serving the revocation sentences at issue in this appeal as of July 18, 2023. The DOC explained that Appellant's revocation sentences ran concurrently to Appellant's backtime because the Parole Board "did not use" the revocation of Appellant's probation and resentencing "as reasons for" recommitting Appellant as a parole violator. DOC Ltr., 4/20/22. Further, the

trial court imposed concurrent terms at both trial court docket numbers when it imposed the revocation sentences in 2019. Accordingly, Appellant completed serving his revocation sentences on both dockets as of July 18, 2023. **See** DOC DC16-E Sentence Status Summary, 8/14/19, at 4. For these reasons, on this record, July 18, 2023 is the expiration date for the revocation sentences for both dockets and October 26, 2024 is the correct expiration date for Appellant's sentences as recomputed by the Parole Board when they decided to recommit Appellant to serve his backtime on both dockets. **See Adams**, 885 A.2d at 1124 (explaining that the Parole Board "can recommit and recompute the sentence of a parolee" after a parolee is convicted of new offense committed while on parole).

Therefore, because Appellant is no longer serving his revocation sentences, he is not eligible for PCRA relief on that sentence. **See** 42 Pa.C.S. § 9543(a)(1)(i); **see also Tinsley**, 200 A.3d at 107. Accordingly, because Appellant failed to establish his eligibility for PCRA relief, we affirm the PCRA court's order dismissing Appellant's petition, albeit on different grounds.[4] **See**

_____

[4] Even if Appellant was eligible for PCRA relief, we would conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely. **See, e.g.**, **Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)); **Commonwealth v. Cooper**, 2084 EDA 2023, 2024 WL 1364781, at *2 (Pa. Super. filed Apr. 1, 2024) (unpublished mem.) (determining that the defendant was ineligible for PCRA relief because he was no longer serving a sentence before also concluding that the PCRA petition was untimely filed); **see also** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May
*(Footnote Continued Next Page)*

*Tinsley*, 200 A.3d at 107; *Soto*, 983 A.2d at 213-14; *see also Wiley*, 966 A.2d at 1157 (explaining this Court may affirm the PCRA court's order on any valid basis supported by the record). Further, because we have concluded that Appellant is not eligible for PCRA relief, we deny his *pro se* applications for relief as moot.

Order affirmed. Applications for relief denied. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2024

---

1, 2019, may be cited for their persuasive value). Appellant's March 20, 2023 PCRA petition is facially untimely with respect to the July 18, 2019 revocation sentences. *See* 42 Pa.C.S. § 9545(b)(3); *Anderson*, 788 A.2d at 1022. Appellant did not argue that an exception to the PCRA time bar applied in either his PCRA petition or in his appellate brief. *See* 42 Pa.C.S. § 9545(b)(1); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (stating that a PCRA petitioner has the "burden to allege and prove that one of the timeliness exceptions applies" (citations omitted and some formatting altered).