**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LEE MITCHELL | : | |
| | : | |
| Appellant | : | No. 1134 MDA 2024 |

Appeal from the Order Entered July 25, 2024
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004779-2016

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: APRIL 14, 2025**

Anthony Lee Mitchell ("Mitchell") appeals from the denial of his petition for relief under the Post Conviction Relief Act.[1]  PCRA counsel, Matthew P. Kelly, Esquire ("Counsel") has filed a petition to withdraw and a "no-merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm and grant Counsel's petition to withdraw.

In May 2018, Mitchell pled guilty to unlawful contact with a minor as a second-degree felony.  In August 2018, the court imposed a prison sentence of one to two years followed by two years of special probation.  Mitchell served his entire term of probation; however, on September 9, 2020, the court revoked his probation for failing to complete sex offender treatment and

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

imposed a sentence of one to four years of incarceration.  ***See*** Order of Court, 9/9/20.

Mitchell filed a *pro se* PCRA petition in March 2022.  An attorney was appointed and represented Mitchell at an evidentiary hearing.  The PCRA court dismissed the petition as untimely filed.  On appeal, this Court vacated the order dismissing the petition as untimely and remanded the case to the PCRA court because we could not conclude Mitchell had the benefit of meaningful representation by PCRA counsel.  ***See Commonwealth v. Mitchell***, 315 A.3d 113 at *3 (Pa. Super. 2024) (unpublished memorandum).

On remand, the PCRA court appointed Counsel, who filed a supplemental PCRA petition in July 2024.  The court conducted an evidentiary hearing and dismissed the petition as untimely filed.  Mitchell appealed and the PCRA court complied with Pa.R.A.P. 1925.  Counsel has filed a petition to withdraw and a no-merit brief in this Court.  Mitchell has not filed a response.

Prior to addressing the merits of this appeal, we must first consider Counsel's petition to withdraw.  In a PCRA matter, an application to withdraw as counsel must comply with the ***Turner***/***Finley*** requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner*** and ***Finley***[ ] and must review the case zealously.  ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw;

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and brackets omitted). If this Court determines counsel has satisfied these technical requirements, we then conduct our own review of the case and if we agree the claims are without merit, we will permit counsel to withdraw and deny relief. ***See id***.

Here, Counsel has satisfied the above procedural requirements. Counsel avers that he conscientiously examined the record, sets forth the factual and procedural history of the case, lists the issues Mitchell wished to have reviewed, concludes that the present appeal is without merit, and explains the reasons for his conclusions. ***See*** Petition to Withdraw as Counsel, 12/17/24, at 1; No-Merit Brief at 6-8. Counsel has also attached to his petition to withdraw a copy of a letter advising Mitchell of his conclusions, his intent to withdraw, and Mithcell's right to proceed *pro se* or with new counsel. ***See*** Petition to Withdraw, 12/7/24. Counsel's letter indicates he attached copies of his no-merit brief and petition to withdraw. ***See id***. Thus, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

In his brief, Counsel identifies the following issues for review:

I. Whether [Mitchell's] PCRA was timely filed pursuant to the exceptions listed in 42 Pa.C.S.A. § 9545 because he never received a copy of his original sentencing order until sometime in 2022[?]

II. Whether [trial] counsel was ineffective in counseling [Mitchell] to admit to a probation violation for non-completion of the sex offender treatment program which was never ordered in the original sentencing order[?]

***Turner***/***Finley*** Brief at 1.

Our standard of review of an order dismissing a PCRA petition does not permit us to disturb a PCRA court's ruling that is free of legal error. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). The PCRA plainly states that to be eligible for relief a petitioner must be "***currently serving*** a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). ***See also Commonwealth v. Tinsley***, 200 A.3d 104, 107 (Pa. Super. 2018) (holding as soon as a petitioner completes his sentence, he is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed the petition); ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1113 (Pa. Super. 2016) (same).

Counsel states Mitchell is no longer serving a sentence and is thus ineligible for PCRA relief. ***See*** Counsel's ***Turner***/***Finley*** Brief, 12/17/24, at 8.

Mitchell finished serving his sentence on September 9, 2024, at the conclusion of his one-to-four-year sentence for violating the terms of his probation. Because Mitchell is no longer serving a sentence, he is ineligible for PCRA relief. ***See*** 42 Pa.C.S.A. §9543(a)(1)(i); ***Tinsley***, 200 A.3d at 107;

**Plunkett**, 151 A.3d at 1113.  On that basis, we affirm the PCRA court's order dismissing Mitchell's petition.[2]

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/14/2025

---

[2] Although the PCRA court cited other reasons for dismissing Mitchell's petition, where the result is correct, we may affirm a decision on any proper ground even if not cited by the PCRA court.  **See Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).